Argued at Pendleton May 4; affirmed June 9; rehearing
denied July 7, 1936

In re Fulton's Estate

# SPENCER *v.* FULTON
### (58 P. (2d) 604)

*Roland Davis,* of Portland (Huntington, Wilson & Davis, of Portland, on the brief), for appellant.

*Francis V. Galloway,* of The Dalles (Galloway & Krier, of The Dalles, and Davis & Harris, of Portland, on the brief), for respondent.

RAND, J. On June 2, 1933, Frank H. Spencer, the plaintiff, presented a duly verified claim in the sum of $6,400 to the defendant, as executor of the last will and testament of Brittana G. Fulton, for services alleged to have been performed for the testatrix for some two years and eight months prior to her death. The executor disallowed the claim except for the sum of $20. Plaintiff thereupon filed the claim in the county court for Sherman county, in which the probate proceedings were then pending, and, after a hearing thereon, the claim was again disallowed except for the sum of $100. Plaintiff then brought an action on the claim in the circuit court for said county and a hearing thereon was had before the Honorable Carl Hendricks, circuit judge, without a jury, and plaintiff was awarded a judgment in the sum of $1,723.25, from which judgment the executor has appealed.

It was admitted upon the trial of the cause in the court below that the plaintiff had performed some services for the testatrix during the time claimed, but there was a very substantial conflict in the evidence as to the terms of the contract under which he had been employed and as to the value of the services performed and as to whether or not he had been fully paid for such services by the testatrix during her natural life.

■ There was, however, sufficient competent evidence, if believed, to warrant the trial court to find in favor of the plaintiff in the amount for which the judgment was given, and, under that condition of the record, this court is without power to disturb the findings of the trial court which, by statute, are given the force and effect of a verdict.

Defendant's principal contentions are: (1), that there was no competent, satisfactory evidence, other

than the testimony of the claimant, to prove the contract, the value of the services, or that the plaintiff had not been paid in full; and (2) that the judgment was based upon the testimony of witnesses, as to the value of the services, who were not shown to be qualified to express an opinion thereon.

■ As to the first point urged, there were a large number of witnesses who testified that the testatrix had admitted to them that she had made the contract and had stated the terms thereof, that the services were performed and as to the sums paid and the purposes for which the same had been paid. This was sufficient to satisfy the requirements of section 11-504, Oregon Code 1930, which provides: "that no claim which shall have been rejected by the executor or administrator, as aforesaid, shall be allowed by any court, referee or jury, except upon some competent satisfactory evidence other than the testimony of the claimant".

■ The second objection goes to the admission in evidence, over the objection of the defendant, of statements of certain witnesses as to the value of plaintiff's services, the objection being that these witnesses were not shown to be qualified to express an opinion and that the reception of this evidence was prejudicial error, requiring a reversal of the judgment. Had the case been tried to a jury and not by the court sitting without a jury, we think that this contention would have to be sustained. However, the record shows that there was sufficient competent evidence as to which no objection was made or could be successfully made as to the value of the services. That being so, we must assume that the trial court disregarded the incompetent evidence and based its findings upon that which was

competent and, therefore, the objection can not be sustained.

We find no merit in any of the other contentions urged by the defendant. The judgment is, therefore, affirmed.

CAMPBELL, C. J., and BEAN and KELLY, JJ., concur.